IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARCUS ANTIVIAN NORRIS | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-12-CV-0901-B-BD |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Marcus Antivian Norris, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be transferred to the United States Court of Appeals for the Fifth Circuit for appropriate action.

I.

In 2000, petitioner pled guilty to murder and was sentenced to 45 years confinement. No appeal was taken. Instead, petitioner filed two applications for state post-conviction relief. The first application was denied without written order on the findings of the trial court. *Ex parte Norris*, WR-70,731-01 (Tex. Crim. App. Oct. 22, 2008). The second application was dismissed for abuse of the writ. *Ex parte Norris*, WR-70,731-02 (Tex. Crim. App. Feb. 1, 2012). Petitioner also filed an application for writ of habeas corpus in federal court. His federal writ was dismissed on limitations grounds. *Norris v. Thaler*, No. 3-09-CV-0966-D (N.D. Tex. Jun. 28, 2011).

Undeterred, petitioner now returns to federal court for the second time. As best the court understands his claims, petitioner appears to argue that: (1) his conviction and sentence violate due

process; (2) he was incompetent to enter a plea of guilty; (3) he received ineffective assistance of counsel; (4) his sentence was based on unreasonable findings of fact by the trial court and did not properly account for mitigating factors; and (5) the AEDPA statute of limitations should be tolled on equitable grounds. Before addressing these claims, the court must determine whether petitioner can file a successive federal writ without prior approval from the court of appeals.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996). A petition is successive when it raises a claim that was or could have been raised in an earlier petition. *See Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008). A claim presented in a second or successive application under section 2254 must be dismissed unless:

> (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>   (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). That determination must be made by a three-judge panel of the court of appeals before petitioner files his application in federal district court. *Id.* § 2244(b)(3).

The Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief. Petitioner must obtain such an order before this case is filed.

## RECOMMENDATION

Petitioner should not be permitted to file a second or successive application for writ of habeas corpus without the approval of a three-judge panel of the court of appeals. Rather than dismiss this case, the application should be transferred to the Fifth Circuit for appropriate action. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 3, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE